UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES McINTYRE,

    Plaintiff,

v.

FNU[1] WALSH, FNU HERNANDEZ,
and JOHN DOE,

    Defendants.

Case No. 25-13130
Honorable Laurie J. Michelson

**ORDER SUMMARILY DISMISSING COMPLAINT [1]**

James McIntyre, proceeding *pro se*, sues three Michigan Department of Corrections employees for alleged misconduct in connection with his transfer from Macomb Correctional Facility to Lakeland Correctional Facility in April of 2024. (ECF No. 1.) McIntyre alleges that he returned his "room key" as required prior to his facility transfer but that Defendants nonetheless removed $45 from his prison account "for an allegation that he had destroyed property." (*Id.* at PageID.5.) McIntyre further alleges that he "did not sign the disbursement authorization to remove funds from his prison account" (*id.* at PageID.6) but that Defendants "affixed [his] signature on the disbursement authorization form to take [his] money" (*id.* at PageID.7) and "allow[ed] the forged document to proceed to accounting . . . to deny the grievance process" (*id.* at PageID.6). In short, McIntyre claims that Defendants used "forgery, embezzlement and false pretenses" to deprive him of his property (in

---

[1] First name unknown

the form of $45) and to deny him the opportunity to challenge the deprivation. (*Id.*) He asserts violations of his Fourteenth Amendment right to due process, his Eighth Amendment right to be free from cruel and unusual punishment, and Michigan law. (*Id.* at PageID.7–8.)

For the reasons below, McIntyre's complaint is dismissed.

## I.

Because McIntyre is proceeding without prepaying fees or costs (*see* ECF No. 4), the Court has a statutory obligation to conduct a preliminary screening of his complaint and dismiss any claim that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And while a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)); *see*

*also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" (citations omitted)).

### A.

The Court first dismisses McIntyre's Fourteenth Amendment claim for failure to state a claim upon which relief may be granted.

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Song v. Parker*, No. 22-5199, 2023 WL 7103180, at *4 (6th Cir. Mar. 8, 2023) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)); *see Stackhouse v. McDonald*, No. 07-1085, 2008 WL 108877, at *4 (W.D. Mich. Jan. 7, 2008) ("If an adequate post-deprivation remedy exists, the deprivation, although real, is not 'without due process of law.'"); *see also Sanders v. Genesee County*, No. 22-1596, 2023 WL 4543488, at *6 (6th Cir. July 14, 2023) (explaining that "the existence of post-deprivation process," even if not "the *ideal* post-deprivation process," "is sufficient to meet the Fourteenth Amendment's procedural due process guarantees because it shows there *is* an adequate statutory remedy available"). Thus, "to adequately plead a procedural due process claim in the face of a random and unauthorized deprivation, a plaintiff must allege in his pleadings that state postdeprivation remedies are

3

inadequate." *Griffin v. Hunter*, No. 24-5004, 2024 WL 4512531, at *3 (6th Cir. Oct. 17, 2024) (citing *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010)); *see Schulkers v. Kammer*, 955 F.3d 520, 547 (6th Cir. 2020) (citing *Vicory v. Walton*, 721 F.2d 1062, 1063–64 (6th Cir. 1983)); *cf. Nunn v. Lynch*, 113 F. App'x 55, 61 (6th Cir. 2004) ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate.").

"Michigan law provides 'several adequate post-deprivation remedies' to a prisoner asserting improper removal of money from his prison account," *Stackhouse*, 2008 WL 108877, at *5 (quoting *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995)), "including Michigan Court Rule 3.105 that allows an action for claim and deliver[y], Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials," *Copeland*, 57 F.3d at 480. McIntyre does not allege that any of these remedies are inadequate—and indeed many courts in this District and Circuit have found the opposite, including on similar facts—so his procedural due process claim must be dismissed. *See Stackhouse*, 2008 WL 108877, at *4 ("Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden [of pleading and proving the inadequacy of state postdeprivation remedies] requires dismissal of his § 1983 due-process action." (citing *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985))); *Fisher v. Patton*, 742 F. Supp.

4

3d 778, 779–80 (E.D. Mich. 2024) (dismissing *pro se* plaintiff's Fourteenth Amendment claim that MDOC employee "unlawfully withdr[e]w[] funds from his prison account in violation of his due-process rights," *id.* at 779, and reasoning that "Michigan's judicial remedies for property deprivations are adequate" and plaintiff "made no effort to demonstrate that these remedies are unavailable or insufficient," *id.* at 780); *Mowatt v. Miller*, 986 F.2d 1422, 1993 WL 27460, at *1 (6th Cir. 1993) (unpublished table decision) ("[The *pro se* plaintiff] argues that the defendants violated the Fourteenth Amendment . . . when they applied a twenty dollar money order to a deficit in his prison account. The district court properly entered summary judgment on these claims because there was an adequate state law remedy for the alleged deprivations."); *Shabazz v. Lecureux*, 811 F.2d 607, 1986 WL 16140, at *1 (6th Cir. 1986) (unpublished table decision) ("The plaintiff alleges that $75.00 was illegally appropriated from his prison account. . . . [T]he plaintiff still possesses an adequate remedy for the recovery of his property under M.C.L. § 600.2920. So the district court properly dismissed the case [under 28 U.S.C. § 1915(d)]." (citation omitted)).

The Court next dismisses McIntyre's claim that Defendants' wrongful conversion of his money violates the Eighth Amendment's prohibition on cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment "is directed at two primary evils[:] . . . punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain . . . [and] sentences that are disproportionate to the crime committed." *Ivey v. Wilson*, 832 F.2d 950, 954

5

(6th Cir. 1987) (per curiam) (internal quotation marks omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Id.*; *see Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017). The allegedly wrongful taking of McIntyre's money by Defendants is one such experience and does not amount to an Eighth Amendment violation. *See Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) (affirming dismissal under 28 U.S.C. §§ 1915(e)(2), 1915A(b) of Eighth and Fourteenth Amendment claims and reasoning that deliberate indifference to the security of an inmate's property is not cognizable under the Eighth Amendment); *Stackhouse*, 2008 WL 108877, at *5 (dismissing Eighth Amendment claim on screening where "Plaintiff has made absolutely no allegations concerning the conditions of his confinement beyond the allegedly improper confiscation of $20.00 from his prison account"); *accord Thomas v. N.M. Corr. Dep't*, 272 F. App'x 727, 730 (10th Cir. 2008) (holding that plaintiff's allegation that he was deprived of personal belongings during intake process was insufficient to state Eighth Amendment claim of cruel and unusual punishment against state department of corrections); *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 548 (D. Md. 2019) (explaining that "the mere theft of property cannot amount to a constitutional violation" and dismissing Eighth Amendment claim).

    The Court finally dismisses McIntyre's claim that Defendants "conspir[ed] to take [his] money" in violation of 42 U.S.C. § 1985. (ECF No. 1, PageID.8.)

McIntyre's complaint falls far short of the "relatively strict" pleading requirement governing civil conspiracy claims, according to which "conspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts" will not suffice. *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). McIntyre does not make any non-conclusory allegations that Defendants entered an agreement, especially not one to violate his constitutional rights. *See id.* He thus fails to state a conspiracy claim under Section 1985.

### B.

Having dismissed McIntyre's claims under federal law, the Court declines to exercise supplemental jurisdiction over his state law claims (ECF No. 1, PageID.8 (citing Mich. Comp. Laws §§ 750.248(1), 750.175)). *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("As a rule of thumb, . . . [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). The Court dismisses any state law claims without prejudice.

### II.

Because McIntyre fails to state a valid claim for relief, his complaint is hereby DISMISSED WITH PREJUDICE (ECF No. 1). And because the complaint lacks any arguable basis in the law, the Court ORDERS AND CERTIFIES that any appeal by McIntyre of the claims raised against these defendants would be frivolous and not

undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

SO ORDERED.

Dated: December 8, 2025

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE